### In re Jean Raoul PETIT-LOUIS, Debtor.

### No. 05–60335–BKC–AJC.

United States Bankruptcy Court,
S.D. Florida,
Miami Division.

March 1, 2006.

Carolina A. Lombardi, Esq., Legal Services of Greater Miami, Inc., Miami, FL, for Debtor.

### ORDER ON DEBTOR'S PETITION OF EXIGENT CIRCUMSTANCES THAT MERITS WAIVER OF BUDGET AND CREDIT COUNSELING

A. JAY CRISTOL, Chief Judge.

This cause came to be heard at 10:00 a.m. on January 31, 2006, pursuant to this Court's notice of hearing on Debtor's Certification of Exigent Circumstances. Court Paper # 3 is Jean Raoul Petit–Louis' December 30, 2005 letter to Assistant United States Trustee M. Regina Thomas, in which Mr. Petit–Louis asked Ms. Thomas to waive the pre-bankruptcy budget and credit counseling since none of the approved counseling agencies had Creole speaking counselors. In the alternative Mr. Petit–Louis asked Ms. Thomas to provide a Creole translator, or decertify the approved counseling agencies for failure to provide Creole speaking counselors.

Jean Raoul Petit–Louis, a tenant in public housing owned by the Miami–Dade Housing Agency, filed Chapter 7 bankruptcy to discharge a debt of rent owed. He does not own any real property and does not have a car. Mr. Petit–Louis is fluent in Creole and has a very limited English capability. Upon application of the Debtor (CP # 6), and without objection by the United States Trustee, or any other party, the Court waived the Chapter 7 filing fee in this case.

The Assistant United States Trustee stated she has no authority to waive the pre-bankruptcy counseling requirement or decertify any counseling agencies approved for this district. The Assistant United States Trustee stated when an individual attempts to go through credit budget counseling, they are in contemplation of being a debtor, but they are not a debtor. The Assistant Trustee noted that even when debtors attend the meetings of creditors in this District, and they are at that time a debtor, they are still not provided with language interpreters. The Debtor must either have a family member or friend translate on their behalf, or pay for interpretive services.

The United State Trustee's position is that they do not have to provide language interpreters for individuals who may or may not be debtors, when, in fact, they are not required to provide interpretive services for debtors. The debtor is voluntarily affording himself of the bankruptcy process, and along with that comes rights and responsibilities, including insuring that he is eligible to be a debtor by obtaining pre-bankruptcy counseling. The Assistant United States Trustee stated that lack of English capability is not sufficient for a waiver, and was not intended by the statute, and that nowhere in the Code under the new Act is the United States Trustee Program obligated to ensure that the credit counseling agencies or the debtor educators provide services in multiple languages. Finally, the Assistant United States Trustee stated that Executive Order Number 13166 does not apply to credit counseling since it is not a federally funded program.

Debtor's counsel argued that the Executive Office for United States Trustees has a responsibility to administer the Bankruptcy Act to provide meaningful access to people of limited English proficiency, of which Mr. Petit–Louis is one. Counsel noted that the United States Trustee's office has already indicated a concern re-

garding meaningful access by persons of limited English proficiency by establishing a pilot project in this District in which DEBTORS are provided translators for creditor meetings.

Debtor's counsel notes that her firm provides a translator so she can provide services to her client, but that she should not have to provide those same services for him when he needs to access the court system. In addition, Debtor's counsel argues that it is inappropriate to argue that friends, family members and other social agencies can provide translation, since finances are a personal matter.

Under existing bankruptcy law, the Court does not provide interpreters for debtors or other parties. It is incumbent upon them to engage their own interpreter. However, there are some additional facets that need to be looked at in this case. This is not a case of an interpreter being needed during the bankruptcy proceedings, and if it were, what about a debtor who cannot pay the filing fee? Then, obviously, they could not pay for a certified interpreter AND CONGRESS HAS PROVIDED IN FORMA PAUPERIS FOR SUCH DEBTORS.

However, the new law requires credit counseling and places the obligation for providing the credit counseling in a meaningful way upon the Office of the United States Trustee, and as the Assistant United States Trustee has pointed out, there are ten approved credit counselors, but none of them offer Creole speaking counselors. Now, this is a matter that probably could go either way. You could take the position that since it is the custom of the Court in proceedings not to provide interpreters, that this policy will be carried over to the issue of credit counseling.

On the other hand, since the credit counseling is a new provision and it is provided for a particular purpose, the position could be taken that it should be strictly construed and that, if the credit counseling agency cannot provide the counseling in the debtor's language and the debtor cannot afford to hire a translator, there is no possibility the debtor can get the credit counseling. Therefore, this Court grants the waiver of the credit counseling requirement in this case because of the inability of any of the certified credit counseling agencies to provide pre-bankruptcy counseling in Creole.

Debtor's counsel also asked the Court to waive the financial management course requirement for the same reason, and the Court finds that this request is premature.

ORDERED and ADJUDGED that the pre-bankruptcy counseling requirement pursuant to 11 U.S.C. § 109(h)(3) is waived.